IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER GLENN LAKEY,<br><br>Defendant. | CR 17-04-BU-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Christopher Glenn Lakey (Lakey) has been accused of violating the conditions of his supervised release. Lakey admitted all of the alleged violations. Lakey's supervised release should be revoked. Lakey should be placed in custody for 12 months, with no supervised release to follow. Lakey should serve his term of custody in a Bureau of Prisons facility that can address his medical needs. This sentence should run concurrent with the sentence imposed in Cause CV 11-75-GF-BMM-JTJ.

## II. Status

Lakey pleaded guilty to Escape on June 13, 2017. (Doc. 19). The Court sentenced Lakey to 18 months of custody, followed by 3 years of supervised

release. (Doc. 27). Lakey's current term of supervised release began on September 23, 2020. (Doc. 60 at 2).

**Petition**

The United States Probation Office filed a Petition on January 4, 2022, requesting that the Court revoke Lakey's supervised release. (Doc. 60). The Petition alleged that Lakey had violated the conditions of his supervised release: 1) by using methamphetamine on two separate occasions; 2) by committing another crime; 3) by failing to report for substance abuse testing; and 4) by using heroin.

**Initial appearance**

Lakey appeared before the undersigned for his initial appearance on February 8, 2022. Lakey was represented by counsel. Lakey stated that he had read the petition and that he understood the allegations. Lakey waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Cause CV 11-75-GF-BMM-JTJ on February 8, 2022. Lakey admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine on

two separate occasions; 2) by committing another crime; 3) by failing to report for substance abuse testing; and 4) by using heroin. The violations are serious and warrant revocation of Lakey's supervised release.

Lakey's violations are Grade C violations. Lakey's criminal history category is VI. Lakey's underlying offense is a Class D felony. Lakey could be incarcerated for up to 24 months. Lakey could be ordered to remain on supervised release for up to 21 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

### III. Analysis

Lakey's supervised release should be revoked. Lakey should be incarcerated for 12 months, with no supervised release to follow. Lakey should serve his term of custody in a Bureau of Prisons facility that can address his medical needs. This sentence should run concurrent with the sentence imposed in Cause CV 11-75-GF-BMM-JTJ.

### IV. Conclusion

The Court informed Lakey that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Lakey of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Lakey that Judge Morris would consider a

3

timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Lakey stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Christopher Glenn Lakey violated the conditions of his supervised release: by using methamphetamine on two separate occasions; by committing another crime; by failing to report for substance abuse testing; and by using heroin.

The Court **RECOMMENDS:**

> That the District Court revoke Lakey's supervised release and commit Lakey to the custody of the United States Bureau of Prisons for 12 months, with no supervised release to follow. Lakey should serve his term of custody in a Bureau of Prisons facility that can address his medical needs. This sentence should run concurrent with the sentence imposed in Cause CV 11-75-GF-BMM-JTJ.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure

4

to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 9th day of February, 2022.

John Johnston
United States Magistrate Judge